http://www.va.gov/vetapp16/Files5/1639937.txt

Citation Nr: 1639937 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 12-10 603 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in San Diego, California

THE ISSUE

Entitlement to payment of attorney fees based on the grant of an increased disability rating for posttraumatic stress disorder (PTSD), rated as 70 percent disabling from May 21, 2008, and the subsequent grant of a total disability rating based on individual unemployability due to service-connected disabilities (TDIU), from May 21, 2008.

ATTORNEY FOR THE BOARD

E. Blowers, Associate Counsel

INTRODUCTION

The Veteran, who was the appellant, had active service from October 1956 to March 1969.

This matter came before the Board of Veterans' Appeals (Board) on appeal from a March 2011 administrative decision of the RO in San Diego, California, which found that the Veteran's previous representative, S.H., was entitled to receive 
20 percent ($9,471.10) of past due benefits ($47,355.50) awarded to the Veteran.

This case was first before the Board in November 2014, where the Board remanded the issue on appeal to insure that the notice and hearing requirements for a contested claim were followed as to the Veteran's former representative, S.H. See 38 C.F.R. §§ 19.100-02, 20.713 (2015). The record reflects that, despite being unable to contact S.H., the Agency of Original Jurisdiction (AOJ) substantially complied with the remand directives. Stegall v. West, 11 Vet. App. 268 (1998). Due to other procedural errors that occurred during the pendency of the November 2014 remand, the Board again remanded the instant matter in June 2015 and June 2016. The matter was specifically remanded in June 2016 to schedule the Veteran for a Board videoconference hearing. Unfortunately, VA received notice of the Veteran's death soon after.

The instant matter is a Veterans Benefits Management System (VBMS) appeal. The Board has reviewed both the VBMS and the "Virtual VA" files so as to insure a total review of the evidence. This appeal has been advanced on the Board's docket pursuant to 38 U.S.C.A. § 7107(a)(2) (West 2014) and 38 C.F.R. § 20.900(c) (2015). 

FINDING OF FACT

1. The Veteran in this case served on active duty from October 1956 to March 1969.

2. On August 12, 2016, the Board was notified by the Social Security Administration (SSA) that the Veteran died in July 2016.

CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2015). 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. On August 12, 2016, the Board was notified by SSA that the Veteran died in July 2016. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2015).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2015). The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A (West 2014); 38 C.F.R. § 3.1010(b) (2015). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A (West 2014); see 38 C.F.R. § 3.1010(a) (2015). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2015). 

ORDER

The appeal is dismissed.

 
MICHELLE KANE
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs